**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JASON E. MITCHELL,                                                                              PLAINTIFF
ADC #136422

v.                                          4:15CV00529-JTK

JOHN STALEY                                                                                      DEFENDANT

## MEMORANDUM AND ORDER

### I.      Introduction

Plaintiff Jason Mitchell is a state inmate incarcerated at the Tucker Unit of the Arkansas

Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging

excessive force while he was incarcerated at the Lonoke County Detention Center (Jail) in August,

2015 (Doc. No. 4).   Plaintiff asks for injunctive relief (Id., p. 5).[1]

Defendants Lopez and Doe were dismissed from this action on October 16, 2015 (Doc. No.

13).  Currently pending before the Court is the Motion for Summary Judgment, Brief in Support, and

Statement of Facts, filed by remaining Defendant John Staley (Doc. Nos. 19-21).  Plaintiff did not

respond, and by Order dated May 25, 2016, this Court cautioned Plaintiff that his failure to respond

to the Motion within fifteen days of the date of the Order would result in either all the facts set forth

in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for

failure to prosecute  (Doc. No. 22).  As of this date, Plaintiff has not responded to the Motion and

has not otherwise corresponded with the Court.

### II.      Amended Complaint

Plaintiff alleged that Defendant Staley called him to the day room on August 13, 2015, and

---

[1]In his Original Complaint (Doc. No. 2), Plaintiff also requested monetary relief; the
Court will construe the two complaints together with respect to his prayer for relief.

1

said he would be charged with a felony for introducing contraband into the Jail.  (Doc. No. 4, p. 6)

Plaintiff denied knowledge of this and Staley ordered him back to his cell.  (Id.) Staley then entered

Plaintiff's cell, pushed him against the back wall, threw property everywhere, tore Plaintiff's mail

and bent his pictures. (Id.)  Staley also hit Plaintiff in his face three or four times before he walked

out of the cell and slammed the cell door.  (Id.)  Plaintiff was taken to the "hole" in a flooded cell

with no mat or blankets.  (Id., p. 7)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d

1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed

by the moving party...shall be deemed admitted unless controverted by the statement filed by the

non-moving party...."  Local Rule 56.1, Rules of the United States District Court for the Eastern and

Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.   FED.R.CIV.P. 56(e)(2).

### A.   Official Capacity

The Court agrees with Defendant that any monetary claim against him in his official capacity should be dismissed, because Plaintiff did not allege that his actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself.   Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).   In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claim against Defendant in his official capacity should be dismissed.

### B.   Individual Capacity

Defendant also asks the Court to dismiss Plaintiff's excessive force claim against him in his individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit*

3

rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to Defendant Staley's affidavit, he was in charge of the Jail on August 13, 2015, when Plaintiff was incarcerated as a pretrial detainee. (Doc. No. 21, p. 1) Jail rules prohibit the possession, use, and distribution of tobacco in the Jail, and Staley learned from a reliable source that Plaintiff was working with others to get tobacco into the Jail. (Id.) On August 13, 2015, Staley went to Plaintiff's cell to confront him with these allegations, and used forceful language, tone and demeanor in order to emphasize the seriousness of the allegations. (Id.) Staley's search of Plaintiff's cell did not yield any contraband. (Id., p. 2) Staley denies striking Plaintiff or causing him to suffer cuts, bruises, or any other physical injury. (Id.)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 21) are undisputed for purposes of the Motion, and finds that summary judgment should be granted as

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

a matter of law.  See FED.R.CIV.P. 56(e)(2), (3).  Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  And, Plaintiff's excessive force allegation should be analyzed under "the objective reasonableness standard" applied in Fourth, Fifth, and Fourteenth Amendment excessive force cases.  Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2001) .  In Andrews, the Court noted with approval an Eighth Circuit Model Instruction for use in pretrial detainee excessive force cases, which instructs the jury to consider "the need for the application of force, the relationship between the need and the amount of forced that was used, the extent of the injury inflicted, and whether it was used for punishment...and whether a reasonable officer on the scene would have used such force under similar circumstances.  (Id., 253 F.3d at 1061, n. 7, quoting Eighth Circuit Model Instruction 4.20 on Excessive Use of Force - Pretrial Detainees - Fifth and Fourteenth Amendments. Manual of Model Civil Jury Instructions 4.20 (1999)).

In this case, Defendant Staley denies using physical force of any kind during his confrontation with Plaintiff.  He admits talking forcefully and sternly to Plaintiff, but verbal abuse does not support a constitutional claim for relief.  McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993).   Although Plaintiff alleged in his Amended Complaint that Defendant used force against him, he provides no evidence or facts in response to Defendant's affidavit to contradict or dispute those facts and statements.  As noted above, "the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Webb v. Lawrence County, 144 F.3d at 1135.  Therefore, absent a dispute of facts by the Plaintiff, the Court finds that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown,

construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

In addition, the Court finds that Plaintiff's allegation that Defendant placed him in a flooded cell with no mat or blankets does not by itself support a constitutional claim for relief.  In the Eighth Circuit, the standard applied to pretrial detainee claims of unconstitutional conditions is the same as those applied to Eighth Amendment claims.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  Therefore, in order to support an Eighth Amendment claim for relief, plaintiff must allege that Defendant was deliberately indifferent, that is, that he knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety.   Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, Plaintiff does not allege how long he was placed in the cell or other facts which would support a finding that Defendant acted with deliberate indifference to a risk of harm to Plaintiff's health and safety.  "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise....Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  Whitnack, supra, 16 F.3d at 957 (quoting Wilson v. Seiter, 511 U.S. 294, 305 (1991)).  In this case, absent allegations how he was personally harmed or affected by the conditions, or other facts concerning the extent of the conditions, the Court finds that this allegation fails to support a constitutional claim for relief.

## IV.    Conclusion

IT IS, THEREFORE, ORDERED that Defendant Staley's Motion for Summary Judgment (Doc. No. 19) is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 24th day of June, 2016.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE